**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **CARMEN HERNANDEZ,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO. 2:20cv302** |
| **JORDAN HEALTHCARE HOLDINGS, INC.**, Individually and d/b/a Jordan Health Services; **CHARTWELL COMMUNITY SERVICES, INC.**, Individually and d/b/a Jordan Health Services, Elara Caring, Jordan Health Services, a Part of the Elara Caring Network and Chartwell Community Services, Inc., a Part of the Elara Caring Network; and **BW NHHC Holdco, Inc.** d/b/a Elara Caring | § § § § § § § § § § § § | |
| | § § | **JURY TRIAL DEMAND** |
| **Defendants.** | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Comes now Plaintiff, Carmen Hernandez., by and through counsel, and in support of her claims against the above-named Defendants, Jordan Healthcare Holdings, Inc., Individually and d/b/a Jordan Health Services; Chartwell Community Services, Inc., Individually and d/b/a Jordan Health Services, Elara Caring, Jordan Health Services, a Part of the Elara Caring Network and Chartwell Community Services, Inc., a Part of the Elara Caring Network; and BW NHHC Holdco, Inc. d/b/a Elara Caring, respectfully states:

**NATURE OF THE ACTION**

This is an action under Title I and Title V of the Americans with Disabilities Act of

1

1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to vindicate unlawful employment practices on the basis of disability and to provide appropriate relief to Carmen Hernandez ("Plaintiff"), who was adversely affected by such practices. As alleged with greater particularity below in paragraphs 1-24, Plaintiff alleges that Jordan Healthcare Holdings, Inc., Individually and d/b/a Jordan Health Services; Chartwell Community Services, Inc., Individually and d/b/a Jordan Health Services, Elara Caring, Jordan Health Services, a Part of the Elara Caring Network and Chartwell Community Services, Inc., a Part of the Elara Caring Network and BW NHHC Holdco, Inc. d/b/a Elara Caring ("Defendants") discriminated against Plaintiff in violation of the ADAAA by terminating her employment because of her disabilities. Plaintiff further alleges that the Defendants failed to provide her with reasonable accommodations needed for her disabilities. Defendants terminated Plaintiff in retaliation for Plaintiff's requests for accommodations rather than engage in an interactive dialogue as to reasonable accommodations.

Plaintiff also brings a claim against Defendants for violation of the Family Medical Leave Act ("FMLA") as her requests for FMLA were ignored and she was instead terminated.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331 and 1343. This Court has jurisdiction over Plaintiff's ADAAA claim pursuant to 42 U.S.C. § 12117(a).

2.     This Court has jurisdiction over Plaintiff's FMLA claim pursuant to 29 U.S.C. § 2617(a)(2).

3.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division.

## PARTIES

4.     Plaintiff, Carmen Hernandez, resides in Corpus Christi, Nueces County, Texas.

5.     Defendant, Jordan Healthcare Holdings, Inc., Individually and d/b/a Jordan Health Services is a business registered to do business in the State of Texas and, at all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Corpus Christi, Texas and has continuously had at least fifteen employees. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADAAA, 42 U.S.C. §§ 12111(5) and (7) and this Defendant was Plaintiff's employer. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADAAA, 42 U.S.C. Section 12111(2) and an employer under the FMLA, 29 U.S. Code § 2611 (4) and a covered entity under the FMLA, 29 U.S. Code § 2601, et seq. This Defendant may be served through its registered agent: National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. This defendant has appeared and answered.

6.     Chartwell Community Services, Inc., Individually and d/b/a Jordan Health Services, Elara Caring, Jordan Health Services, a Part of the Elara Caring Network and Chartwell Community Services, Inc., a Part of the Elara Caring Network, is a business

3

registered to do business in the State of Texas and, at all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Corpus Christi, Texas and has continuously had at least fifteen employees. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADAAA, 42 U.S.C. §§ 12111(5) and (7) and this Defendant was Plaintiff's employer. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADAAA, 42 U.S.C. Section 12111(2) and an employer under the FMLA, 29 U.S. Code § 2611 (4) and a covered entity under the FMLA, 29 U.S. Code § 2601, *et seq*. This Defendant may be served through its registered agent: National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. This defendant has appeared and answered.

7.  BW NHHC Holdco, Inc. d/b/a Elara Caring. is a business registered to do business in the State of Delaware and, at all relevant times, Defendant has continuously been doing business in the State of Texas and has continuously had at least fifteen employees. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADAAA, 42 U.S.C. §§ 12111(5) and (7) and this Defendant was Plaintiff's employer. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADAAA, 42 U.S.C. Section 12111(2) and an employer under the FMLA, 29 U.S. Code § 2611 (4) and a covered entity under the FMLA, 29 U.S. Code § 2601, *et seq*. This Defendant may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. This defendant has appeared and answered.

## ADMINISTRATIVE PROCEDURES

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging violations of the ADAAA within 300 days of the discriminatory act(s).

9. On September 22, 2020, the Commission issued a Notice of Right to Sue to Plaintiff which she received on September 25, 2020. (Exhibit A – Notice of Right to Sue).

10. Plaintiff filed this lawsuit within 90 days of receipt of the Notice of Right to Sue issued by the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least January 2019, Defendants, who were Plaintiff's employers, have engaged in unlawful employment practices in violation of Title I of the ADAAA, as amended, 42 U. S.C. §§ 12101 *et seq.* Specifically, Defendants discriminated against Carmen Hernandez by failing or refusing to engage in the interactive process, by failing or refusing to provide her with reasonable accommodations, and by harassing and terminating her because of her disabilities, anxiety and major depressive disorder, in violation of 42 U.S.C. § 12112(a) and (b), as amended.

13. Plaintiff is a qualified individual with a disability under Sections 3 and 101(8) of the ADAAA, 42 U.S.C. §§ 12102 and 12111(8). At all relevant times, Plaintiff has had impairments, and had a record of impairments, of anxiety and major depressive disorder, that substantially limits her in the major life activities of concentrating, thinking, communicating, and working.

14. Plaintiff worked as a Data Entry/Timekeeper for Defendants at their location at 4444 Corona Drive Suite 233, Corpus Christi, Nueces County, Texas 78411. Jordan Health Services was the name on Plaintiff's paystubs. Jordan Health Services was the name on Plaintiff's work documents and on the door of the business. Chartwell Community Services, Inc. appeared as Plaintiff's employer on her W-2. Jordan Healthcare Holdings, Inc. was Chartwell's parent company, and Jordan provided human resources and payroll services for Chartwell. BW NHHC Holdco, Inc. d/b/a Elara Caring ("Elara Caring") owns Jordan and other subsidiaries, and Elara Caring provides human resources services to its subsidiaries. Chartwell/Jordan have over 500 employees. Other names under which these Defendants do business and their related companies have appeared in employment related documents such as policies, procedures, emails and the EEOC investigative file. Defendants were Plaintiff's employer.

15. Defendants are private-sector employers, with 50 or more employees in 20 or more workweeks in the current or preceding calendar years, including a joint employer or successor in interest to a covered employer. Plaintiff worked for Defendants for at least 12 months; and she worked at least 1,250 hours of service for the employers during the 12-month period immediately preceding the leave at issue discussed below; and she worked at a location where the employers has at least 50 employees within 75 miles. Defendants are subject to the Family Medical Leave Act and Plaintiff was eligible for leave under the FMLA because she had serious health conditions, anxiety and major depressive disorder, that made her unable to perform the essential functions of her job at the times specified below.

16. Elara Caring was formed in 2018 with the partnership of the Jordan Health Services, Great Lakes Caring and National Home Health Services Network and it is now one of the nation's largest providers of home-based care.

17. Starting in approximately November 2018, Plaintiff's work load increased because of the closure of the Laredo location and Plaintiff was carrying a much heavier load than similarly situated individuals holding her job title at other locations.

18. In January and February 2019, Plaintiff told the Administrator at her work location, Jewel Martinez, about her disabilities. Emails that Ms. Martinez sent carried the following name with her identifying information, "Jordan Health Services Part of the Elara Caring network." The Administrator was aware that Plaintiff was taking intermittent leave for her disabilities which also included, on a few occasions, coming in later to work when her disabilities were active.

19. Plaintiff's work responsibilities continued to increase and she sent the Administrator an email in approximately mid-March 2019 that her job responsibilities had increased to a point that were too much for her to handle within a workweek and that she needed additional employee help. Other employees that held Plaintiff's job title were not assigned the same volume of work and responsibilities that she had. In response to Plaintiff's email, the Administrator called Plaintiff on a conference call with the Alternate Administrator, Rhonda Alcala. The conference call took place in early to mid-April 2019. During this conference call, Plaintiff explained that the workload that had been placed on her was too much for one person and that she needed help. Plaintiff also explained that she had to take leave on occasion and came into work at a later time, on occasion, because

of her disabilities. Plaintiff also specifically discussed her anxiety and the need for accommodations for this health condition during this phone call.

20. After the conference call, instead of providing Plaintiff with help and reasonable accommodations for her disabilities, the Administrator gave Plaintiff a list of additional duties. These additional responsibilities placed Plaintiff in an impossible situation as it was not reasonable for any person to complete these job duties within a workweek - even with overtime.

21. In approximately May 2019, the symptoms from Plaintiff's disabilities got worse and she needed an extended time off from work (more than a few days) as a reasonable accommodation. Plaintiff notified the Administrator of this fact and, in or about May 2019, the Administrator advised Plaintiff that she should take Family Medical Leave. Plaintiff's brother passed away on June 9, 2019. Ms. Hernandez was absent from work due to her brother's passing and her anxiety and depression were getting worse. In or about June 2019, Plaintiff sent an email to Brandi Roberts, HR Manager, located at the corporate office in Mt Vernon, Texas to request an updated FMLA leave request form in order to take FMLA leave. Plaintiff never received a response containing the FMLA documents even after sending a follow-up email again requesting the forms while she was employed.

22. Plaintiff ended up taking approximately 2 1/2 weeks of unpaid leave in June 2019 (June 10-26) because her brother passed away and she also had increased anxiety and depression during this time. Plaintiff also took approximately 1 week of unpaid leave in July 2019 (July 8-12) for her anxiety and depression. Plaintiff's medical providers gave her an excuse for work for this leave. Although this leave qualified as "Family Medical

Leave", Plaintiff's employer had not responded to her requests for FMLA leave forms and, therefore, she was not able to submit those forms. Also, the Alternate Administrator was aware of Plaintiff's disabilities and that she was taking leave in June 2019 and July 2019 because of her disabilities. The Administrator was on leave during this time and this is why Plaintiff communicated with the Alternate Administrator.

23. On or about July 9, 2019, Plaintiff had a telephone conversation with the Alternate Administrator, Rhonda Alcala, and she told her that she may need an extended leave under FMLA for her anxiety and depression. This leave request was also a request for a reasonable accommodation for Plaintiff's disabilities under the ADAAA.

24. When Plaintiff attempted to return from leave on July 15, 2019, the Alternate Administrator, Rhonda Alcala presented Plaintiff with a Termination Form and informed Plaintiff that she was terminated. The Termination Form contained untrue statements attributed to Plaintiff and her termination was allegedly based upon unfiled paperwork that was found while Plaintiff was out on leave for her disabilities. This alleged reason was simply a pretext for an unlawful termination. The "unfiled" documents that were found were filed in labeled manila folders that were on her desk and another group of files from the Corpus Christi office that were filed in a storage box located under Plaintiff's desk that dated back to 2016. In regard to the documents in the labeled manila folders, they were in a file, organized and easily accessible. However, they were not yet filed in the conference room because Plaintiff was not at work to file them because she was out on leave for her disabilities. In regard to the other files that dated back to 2016, Plaintiff did not work for Defendants in 2016. These documents were located by Plaintiff prior to her taking leave while she was trying to "clean-up" the files and make sure that

9

everything was in its place. These files were *copies* of Attendant Employment Applications left by the prior Data Entry Specialist and needed to be filed or shredded. These Applications include applicant I-9 forms, driver's license and social security cards. Some of the Attendant's original files organized by the prior Data Entry Specialist were missing their application information. Plaintiff was in the process of going through the documents to take the copies of the missing documents from the box to place with the original files and then shred the remainder of the duplicate information. Plaintiff did have time to remove the missing information to place it in the original files, but she did not have enough time to shred the duplicate copies prior to her medical leave. Plaintiff's employer did not ask for Plaintiff's side of the story and she was summarily terminated.

## AMERICANS WITH DISABILITIES ACT, AS AMENDED

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1-24 herein and alleges this count against all Defendants who were her employers.

26. Defendants terminated Plaintiff's employment because of her disabilities, anxiety and major depressive disorder, in violation of the ADAAA, 42 U.S.C.A. § 12112 (a) and (b) and/or her record of these impairments.

27. Defendants failed to engage in the interactive process with Plaintiff in order to accommodate her disabilities in violation of the ADAAA.

28. Defendants failed or refused to accommodate Plaintiff by not allowing her to use leave as a reasonable accommodation in violation of the ADAAA, 42 U.S.C.A. § 12112 (b) (1) (5) (A). Further, Defendant retaliated against Plaintiff for her requests for reasonable accommodation and for her use of leave for her disabilities in violation of the ADAAA, 42 U.S.C.A. § 12203.

29. The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because of her disabilities, in violation of Title I of the ADAAA, 42 U.S.C. § 12112.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

32. Plaintiff suffered damages as a result of the unlawful employment practices.

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 herein and alleges this count against all Defendants who were her employers.

34. Plaintiff was a qualified individual entitled to leave for her serious health conditions, anxiety and major depressive disorder. She was incapacitated more than three consecutive, full calendar days and she received treatment by health care providers and was on a continuing regimen of treatment.

35. Defendants ignored and effectively denied Plaintiff's leave requests in violation of the Family Medical Leave Act.

36. Defendants terminated Plaintiff's employment in retaliation for Plaintiff's exercise of her rights under the Family Medical Leave Act.

37. Plaintiff suffered damages as a result of the unlawful employment practices.

## Jury Trial Requested

38. Plaintiff requests a trial by jury.

## Prayer

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, and award Plaintiff the following:

a) Actual damages plus interest including, but not limited to, wage loss, loss of employment opportunities and lost benefits, past and future, as allowed by law;

b) Compensatory damages arising from emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation, shame, shock and humiliation and other nonpecuniary losses, past and future, as allowed by law;

c) All damages and relief as allowed under the Americans with Disabilities Act, as amended;

d) All damages and relief as allowed under Family Medical Leave Act;

e) Liquidated damages as allowed under the Family Medical Leave Act;

f) Injunctive relief as allowed by law and in equity which is necessary to eradicate the effects of the unlawful acts of Defendants in the form of reinstatement, or alternatively, front pay, having Plaintiff's employment record cleared of negative and false information and any other relief as allowed by law or equity;

g) Punitive and/or exemplary damages as allowed by law;

h) Prejudgment interest as allowed by law;

i) Post-judgment interest as allowed by law;

j) Attorney's fees as allowed by law including, but not limited to under the Americans with Disabilities Act, as amended, and Family Medical Leave Act and otherwise as allowed by law;

k) Court costs and expenses as allowed by law;

l) Payment of costs and interest as allowed by law, including, but not limited to under FRCP 54; 28 U.S. Code § 1920; 28 U.S. Code § 1961 and otherwise as allowed by law; and

m) All other relief, both special and general, at law and in equity, to which Plaintiff may be justly entitled.

>Respectfully Submitted,
>
>By:     /s/ Gay E. Gilson
>Gay E. Gilson
>State Bar No. 00784131/Fed I.D. 16385
>Law Offices of Gay E. Gilson
>5525 S. Staples, Suite B3
>Corpus Christi, Texas 78411
>Tel: (361) 887-0552
>Fax: (361) 887-0554
>Email: gegilson@gilsonlaw.com
>Attorney in Charge for Plaintiff

## PLAINTIFF'S CERTIFICATE OF SERVICE

Plaintiff will serve this document on Defendants through ECF as allowed by the Local Rules of the Southern District of Texas on July 23, 2021 on the following:

Mike Birrer
mbirrer@ccsb.com
Dorlin Armijo
darmijo@ccsb.com
CARRINGTON, COLEMAN, SLOMAN &BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333
Attorney in Charge for Defendants
Chartwell Community Services, Inc.;
Jordan Healthcare Holdings, Inc.; and
BW NHHC Holdco, Inc. d/b/a Elara Caring

>    /s/ Gay E. Gilson
>Gay E. Gilson

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CARMEN HERNANDEZ, § § Plaintiff, § § v. § § JORDAN HEALTHCARE HOLDINGS, § INC., Individually and d/b/a Jordan Health § Services; § CHARTWELL COMMUNITY § SERVICES, INC., Individually and d/b/a § Jordan Health Services, Elara Caring, § Jordan Health Services, a Part of the Elara § Caring Network and Chartwell Community § Services, Inc., a Part of the Elara Caring § Network; and § BW NHHC Holdco, Inc. d/b/a Elara Caring § § § Defendants. § | CIVIL ACTION NO. 2:20cv302   JURY TRIAL DEMAND |

**EXHIBIT A TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

1

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Carmen Y. Hernandez

From: San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 451-2020-00215
EEOC Representative: Diane C. Webb, Investigator
Telephone No.: (210) 640-7538

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Travis G. Hicks,
Director

9/22/2020
(Date Mailed)

Enclosures(s)

cc:
Kryselda Lopez Miranda
Branch Manager
JORDAN HEALTH SERVICES
12400 Network Blvd.
San Antonio, TX 78249

Gay E. Gilson
LAW OFFICE OF GAY E. GILSON
5525 S. Staples, Suite 83
Corpus Christi, TX 78411

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**: The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.





RECEIVED
09/25/2020